■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PRUITT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 29, 1989, convicting him of criminal possession

of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the hearing court that the police officers, who were in the midst of securing a building to carry out the arrest of a suspect in the murder of a police officer, justifiably told the defendant to stop as he ran up a flight of stairs towards them (see, People v De Bour, 40 NY2d 210, 223). Under these circumstances, the defendant's act of throwing the paper bag he was carrying down the stairs in response to this legal intrusion was not "a spontaneous reaction to a sudden and unexpected confrontation with the police" but rather "an independent act involving a calculated risk" (People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; see also, People v Leung, 68 NY2d 734). Therefore, we find that the hearing court properly refused to suppress the evidence contained in the bag.

The defendant also contends that his guilt was not proven beyond a reasonable doubt in view of the inconsistencies in the testimony of the police witnesses, the testimony of defense witnesses that he was mistreated by the police, and the police officers' alleged motive to implicate him in the crime. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.